**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William ANDERSON, Defendant-
Appellant.**

**No. 15521.**

United States Court of Appeals
Seventh Circuit.

June 6, 1966.

Rehearing Denied June 30, 1966.

Thomas J. Maloney, Richard H. Devine, Stanley A. Bass, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Chicago, Ill., John Peter Lulinski, Lawrence Jay Weiner, Asst. U. S. Attys., of counsel, for appellee.

Before CASTLE and SWYGERT, Circuit Judges, and GRANT, District Judge.

PER CURIAM.

William Anderson, defendant-appellant, prosecutes this appeal from a judgment of conviction and sentence entered upon a jury verdict finding him guilty of the unlawful sale and the unlawful concealment etc., of a designated quantity of heroin, a narcotic drug, on January 11, 1965, in violation of 26 U.S.C.A. § 4705(a) and 21 U.S.C.A. § 174, as charged in two counts of a four count indictment. The defendant was acquitted on the other two counts which charged similar offenses alleged to have occurred on December 17, 1964. The defendant was sentenced to fifteen years imprisonment.

Defendant contends [1] that his acquittal on the alleged December 17, 1964 offenses is inconsistent with his conviction of the January 11, 1965 charges and requires vacation of the judgment on all counts and the remandment of the cause for a new trial. But defendant's premise that inconsistency exists is faulty. Separate offenses on different dates are involved. The fact that the jury acquitted the defendant of the charges involving the alleged December transaction cannot be construed as effectuating a determination of the facts adverse to the government regarding the January sale and concealment etc., of which he was convicted.

Moreover, inconsistency in a verdict on separate counts does not entitle a defendant to reversal or vacation of a judgment of conviction. Dunn v. United States, 284 U.S. 390, 393–394, 52 S.Ct. 189, 76 L.Ed. 356; United States v. Russo, 7 Cir., 335 F.2d 299, 301; United States v. Margoles, 7 Cir., 294 F.2d 371, 372–373.

The judgment order of conviction and sentence appealed from is affirmed.

Affirmed.

[1] The defendant also contended that the government failed to prove that the substance involved was heroin. But this contention was not pursued on oral argument. The government had filed an additional appendix which reveals that defendant stipulated that a government chemist if called as a witness would testify that the government's exhibit, a brownish—light brown powder (the substance the evidence shows the defendant delivered to an informer-purchaser), was heroin.