**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bernard GULLEY, Defendant-Appellant.**

**No. 16655.**

United States Court of Appeals
Seventh Circuit.

Dec. 6, 1968.

Rehearing Denied Jan. 22, 1969.

use of a conviction for the purposes of the second offender provisions of 26 U.S.C. § 7237(b)."

James J. Traynor, Bernard B. Brody, Chicago, Ill., for defendant-appellant.

Thomas A. Foran, U. S. Atty., Lawrence E. Morrissey, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee; John

Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before HASTINGS, CUMMINGS and KERNER, Circuit Judges.

HASTINGS, Circuit Judge.

On February 28, 1967, a federal grand jury returned Count I of an indictment charging that on September 3, 1966 one Paul Dean Thompson stole from the Devon Bank, Chicago, Illinois, a federally insured institution, approximately $48,257.74 in money and American Express Company travelers cheques in the approximate sum of $16,410.00, in violation of Title 18, U.S.C.A. § 2113(b).

In Count II of the same indictment, it was charged that defendant Bernard Gulley and one Elmo Frederick Thompson "did receive, possess, conceal, store, barter, sell and dispose of" part of the travelers cheques and money described in Count I, knowing the same to have been taken in violation of § 2113(b), supra, all in violation of Title 18, U.S.C.A. § 2113(c).

Each of the three charged persons was properly represented by competent court appointed counsel throughout the proceedings in the trial court. Eventually Paul Dean Thompson entered a plea of guilty to Count I and Elmo Frederick Thompson entered a guilty plea to Count II. The two Thompsons were not related. They were subsequently sentenced, did not appeal their convictions and are now serving time.

Defendant Gulley was tried on Count II and found guilty by a jury verdict. He now appeals from the judgment of conviction.

Defendant does *not* contend that there was insufficient evidence to sustain the verdict. He contends that a number of alleged trial errors prejudicially denied him a fair trial and challenges the credibility of an accomplice witness.

Paul Dean Thompson, the admitted accomplice, who stole the travelers cheques and money in question, testified for the prosecution. He not only admitted his

own guilt but conclusively established defendant's guilt on the Count II violation.

■ Defendant first contends that the testimony of three witnesses, corroborative of Paul Thompson, was cumulative and immaterial and should have been stricken. We know of no such rule. The trial court properly admitted such corroborative evidence here. See United States v. Hoffa, 6 Cir., 349 F.2d 20, 40–41 (1965), aff'd 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966).

■ Defendant next charges the trial judge with prejudicial remarks in the presence of the jury. In one instance, defendant attempted to introduce certain documents in evidence without laying a proper foundation during the direct examination of defendant and as a result the trial judge addressed his counsel. Later, during the same examination, the trial judge inquired concerning a question counsel asked defendant. We have examined the record in each situation, and it is devoid of any showing of impropriety on the part of the judge or prejudice to defendant. As has been so well said: "They were part of the familiar give and take of a criminal trial and were not prejudicial." United States v. Stayback, 3 Cir., 212 F.2d 313, 319 (1954).

■ Defendant claims error because of a question asked of defendant by the prosecution. It was answered in the negative. No objection was made at trial. Error is asserted for the first time on appeal, and generally this may not be done. United States v. Garafolo, 7 Cir., 385 F.2d 200, 205–206 (1967) and cases cited therein; remanded for further hearing on another issue, 390 U.S. 144, 88 S.Ct. 841, 19 L.Ed.2d 970 (1968). This clearly does not come within the "plain error" exception in Rule 52(b), Federal Rules of Criminal Procedure, 18 U.S.C.A.

■ Defendant complains that the trial court erred in admitting in evidence certain exhibits showing defendant's work record. These were properly introduced to rebut defendant's testimony on this subject.

The district court did not err in denying a mistrial on any of the foregoing unsupported grounds.

Finally, defendant contends that his conviction may not rest on the uncorroborated' testimony of an alleged accomplice whose testimony was discredited.

■ Paul Dean Thompson was an admitted accomplice. The trial court properly instructed the jury in (1) defining an "accomplice"; (2) stating that Thompson's testimony should be closely examined and weighed with great care; and (3) stating further that if it believed his testimony to be true beyond a reasonable doubt, such testimony, though uncorroborated, was sufficient to convict. So, in this case, reviewing the evidence in the light most favorable to the Government, we readily conclude that the jury could have found defendant's guilt established beyond a reasonable doubt. Cf. United States v. Battaglia, 7 Cir., 394 F.2d 304, 313–314 (1968) and cases there cited. Further, Thompson's testimony was at least in part corroborated.

■ Of course, questions of credibility and the weight to be assigned to the evidence are generally for the jury to determine. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Sosa, 7 Cir., 379 F.2d 525, 527 (1967).[1] And so it was in this case.

Mr. James J. Traynor, a member of the Chicago bar, served as court appointed counsel for defendant in this appeal, pursuant to the provisions of the Criminal Justice Act of 1964, and we thank him for this service.

Finding no prejudicial error herein, the judgment of conviction is affirmed.

Affirmed.

---

1. We recently considered the testimony of an accomplice in United States v. Adams, 7 Cir., 403 F.2d 840.