**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Damon TURNER, Defendant-Appellant.**

**No. 17189.**

United States Court of Appeals,
Seventh Circuit.

March 17, 1970.

Certiorari Denied June 15, 1970.
See 90 S.Ct. 2183.

Joseph E. McHugh, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Michael P. Siavelis, John Peter Lulinski, Michael D. Nash, Asst. U. S. Atty's, of counsel, Chicago, Ill., for appellee.

Before CASTLE, Senior Circuit Judge and KILEY and KERNER, Circuit Judges.

CASTLE, Senior Circuit Judge.

 In a four-count indictment, the Grand Jury charged defendant with violation of the federal narcotics laws by engaging in certain transactions on January 26, 1968. Count I charged that defendant sold .188 grams of cocaine to a narcotics agent, Patrick McFarland, without the requisite form, in violation of 26 U.S.C. § 4705(a). Count II charged that defendant violated 21 U.S.C. § 174 by receiving, concealing, and facilitating the transportation of the cocaine while knowing that it had been unlawfully imported into the United States.[1] Counts III & IV respectively charged that defendant violated §

---

1. The Supreme Court recently held that the presumption contained in § 174 of illegal importation and knowledge thereof, as applied to cocaine, was invalid, Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610, January 20, 1970; pp. 418–419, 90 S.Ct. pp. 653–654; whereas as relating to heroin, the presumption is valid. (*supra*, at p. 417, 90 S.Ct. at p. 653). We must therefore reverse defendant's conviction as to Count II. This has no effect on defendant's sentence, however, since "[t]he sentence imposed on the defendant was a general one and the penalty does not exceed that prescribed for any one count. Consequently, if the evidence is sufficient to support a conviction on any one of the several counts the conviction must be affirmed." United States v. Mims, 340 F.2d 851, 852 (7th Cir. 1965).

4705(a) and § 174 with regard to a sale of .424 grams of heroin. The jury returned a verdict of guilty as to all counts, upon which judgment of conviction was entered and a sentence of seven years imprisonment was imposed.

The various witnesses for the prosecution testified as to a series of narcotics transactions engaged in by the defendant. The first such transaction occurred on January 24, 1968, when one Ronald Campbell (a/k/a Willie Daniels) made a sale of narcotics to Agent McFarland. While the defendant was not present at this sale, the record discloses that the next day, a Government informant, Leroy Kelly, who had been present at the January 24 sale, was instructed by McFarland to tell defendant that McFarland was dissatisfied with the quality of and arrangements for transferring the drugs. Upon relaying this information to defendant, the latter agreed to handle future transactions himself.

The next day, January 26, the informant, Kelly, received a message that defendant wanted to see him. Kelly telephoned defendant at the home of one Johnny Samples. Samples answered the phone and turned the receiver over to defendant, who allegedly agreed to deliver a sample of cocaine and heroin to Kelly. Kelly then notified the Federal Bureau of Narcotics and called defendant at Samples' apartment again to further discuss the arrangements for the sale. Kelly then went to the apartment and there met defendant, Samples, and "Willie" (Campbell). Defendant gave the drugs to Kelly, which they examined under a blue light. Kelly left to transfer the samples to McFarland, and later phoned defendant at Samples' apartment. The parties agreed to meet at the Palmer House where defendant would meet Kelly's "man" who would pay defendant for the drugs. The meeting took place as scheduled and McFarland paid $60 to the defendant.

Defendant and McFarland then discussed future narcotics sales to be facilitated by exchanging attache cases. More such discussions occurred on January 31 and February 1, and a "sale" took place between defendant and McFarland on February 8, wherein defendant sold what he represented as narcotics—but which was in fact talcum powder—to McFarland for $500.

The testimony elicited from defense witnesses contradicted in large part that of the witnesses for the prosecution. Defendant's mother testified that he was home at the time the January 26 transaction allegedly took place. Other defense witnesses included the defendant, Johnny Samples and Ronald Campbell. The gist of their testimony was that Samples had sold the cocaine and heroin to McFarland through the informant, Kelly, on January 25. Defendant had accompanied Samples to the Palmer House on January 26 where McFarland gave defendant "some money for Johnny", which defendant in turn gave to Samples in Kelly's presence as they descended from the hotel lobby on the escalator. Defendant thereafter devised a scheme to "set up" McFarland and sell him narcotics, but was unable to get narcotics and was thus forced to substitute talcum powder instead.

On appeal, defendant first argues that the district court erroneously permitted the Government to elicit testimony concerning the January 24 and February 8 sales, since this constituted evidence of other crimes which were allegedly unconnected with and irrelevant to the January 26 sale, which was the only offense charged in the indictment.[2] While recognizing the exceptions to the general rule prohibiting introduction of evidence of other crimes, defendant argues that such exceptions do not apply. We disagree.

It is well-settled that evidence of other crimes may be presented when

2. Citing Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077 (1892), Helton v. United States, 221 F.2d 338 (5th Cir. 1955), and Sang Soon Sur v. United States, 167 F.2d 431 (9th Cir. 1948).

"they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged." United States v. Wall, 225 F.2d 905, 907 (7th Cir. 1955). In the instant case, the January 24 sale triggered the sale of January 26, which itself was merely meant to be a prelude to a larger subsequent sale. To view the January 26 sale in a vacuum would result, therefore, in only a partial picture of a continuing scheme of illicit transactions. Moreover, since knowledge and intent are necessary elements of the crime charged, United States v. Phillips, 375 F.2d 75, 79 (7th Cir. 1967), cert. den. 389 U.S. 834, 88 S.Ct. 40, 19 L.Ed. 2d 95, the other transactions were admissible to establish those elements. Thus, as we recently stated in United States v. Hutul, 416 F.2d 607, 624 (7th Cir. 1969),

"The evidence in question was properly admitted to show motive, intent, and similarity of scheme. Lisenba v. California, 314 U.S. 219, 227, 62 S.Ct. 280, 86 L.Ed. 166 (1941); United States v. Cobb, 397 F.2d 416 (7th Cir. 1968); United States v. Hoffman, 415 F.2d 14 (7th Cir. July 18, 1969); United States v. Marine, 413 F.2d 214 (7th Cir., July 7, 1969). This kind of evidence is particularly appropriate where * * * criminal intent is an essential element of the crime charged."

■ Defendant next contends that the evidence was insufficient to support the verdict of guilty. However, the record, when viewed in a light most favorable to the Government with all reasonable inferences to be drawn therefrom, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), indicates that there was ample evidence to support the verdict of guilty. Our discussion of the evidence indicates the conflicting testimony presented to the jury. It is the function of the jury, and not a reviewing court, to resolve those conflicts and judge of the credibility of the witnesses. Based upon our thorough review of the record, therefore, we reject defendant's contention on this point.

■ Defendant raises a number of other issues which we believe merit little discussion. First, defendant contends that the court below permitted improper impeachment of witness Campbell by allowing cross-examination concerning his participation in the January 24 sale, without including evidence of a conviction of Campbell of that criminal act. However, the cross-examination in question was objected to by counsel for defendant, not on the ground of improper impeachment, but rather because it allegedly exceeded the scope of the direct examination. We hold that the district court properly overruled the objection on that basis. Since the contention advanced on appeal, regarding impeachment, was not raised in the court below, this Court will not entertain it now in the absence of a showing of plain error. United States v. Lookretis, 422 F.2d 647 (7th Cir. February 5, 1970); United States v. Gulley, 404 F.2d 534, 536 (7th Cir. 1968); Rule 52(b), Fed.Rules Crim. Proc. No such showing has been made in the instant case; in fact, an argument similar to defendant's on appeal has recently been rejected by this Court in United States v. Varelli, 407 F.2d 735, 751 (7th Cir. 1969).

■ Defendant's argument that no proper foundation was established to permit informant Kelly to testify concerning the identity of the voice he heard over the telephone, when he called Samples' apartment and asked for defendant, as that of defendant is likewise without merit. Kelly testified that he had talked with defendant previously "numerous times" on the phone and at least once in person on the day before the conversations in question. This is sufficient foundation to support Kelly's testimony regarding his phone conversation with defendant on January 26. See United States v. Carr, 219 F.2d 876, 878–879. (7th Cir. 1955).

Finally, our examination of the record indicates no error in permitting impeachment of defense witness Brooks by a prior inconsistent statement. Benson v. United States, 402 F.2d 576, 581 (9th Cir. 1968); 3 Wigmore on Evid. § 1017–1018 (3d Ed. 1940).

For the foregoing reasons the judgment of conviction is affirmed.

The Court expresses its appreciation to Mr. Joseph E. McHugh, a member of the Chicago, Illinois bar, for his excellent services on appeal as court-appointed counsel for defendant-appellant.

Affirmed.