**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert CARMICHAEL, Defendant-Appellant.**

No. 71-1492.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 14, 1972.

Decided Nov. 6, 1972.

Fairchild, Circuit Judge, dissented.

Gerald M. Werksman, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., William T. Huyck, Arnold Kanter, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, and KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

Appellant Robert Carmichael was indicted in five counts, each charging violation of 18 U.S.C. § 1708 by his possession on five different dates of a United States Treasury Check stolen from the mail, knowing it had been stolen. He was tried by a jury and convicted on two counts and sentenced to concurrent five year terms. We reverse.

Before trial Carmichael filed a motion to suppress a quantity of checks seized in his automobile at the time of his arrest under an arrest warrant. The judge conducted a hearing during which a Secret Service agent, Hussey, whose affidavit was filed in sole support of the arrest warrant, testified. The agent's affidavit was based upon information given to him by an informant alleged to be reliable. The judge precluded inquiry into the reliability of the informant, found the supporting affidavit of the agent was not facially insufficient, and denied Carmichael's motion on the ground that the warrant was valid.

Carmichael contends that the district judge erred in denying him an opportunity to challenge the reliability of the government informant. He further contends that the judge erred in ruling that the affidavit supporting the application was sufficient on its face. We hold that the affidavit was facially insufficient and that the district judge erred in refusing to suppress the evidence. We need not consider whether the judge erred in precluding defendant's questioning of the agent concerning the reliability of the informant.

After the judge precluded questions concerning the informant's reliability, Carmichael's attorney stated that the "first" reason for the motion to suppress was that "on its face the affi-

davit is insufficient" as based on "hearsay upon hearsay." The court denied the motion to suppress urged on the basis of this "first" reason.

A federal magistrate issued the warrant for Carmichael's arrest. The affidavit supporting the warrant application is:

> And the complainant states that this complaint is based on the fact that your complainant was told by a reliable informant, whose information in the past has led to the conviction of at least six people, that T. W. ALLEN, ROBERT E. CARMICHAEL and JOHN DOE have in their possession numerous treasury and commercial checks one which is a check made payable to Photo Finishers, in the amount of $5,276.00. The confidential informant told your complainant that he has seen these checks in the possession of one of the defendants and that the defendant who had possession told him that the checks would be given by ROBERT E. CARMICHAEL to JOHN DOE and then to T. W. ALLEN, and that these checks were stolen from the mail, and that ROBERT E. CARMICHAEL, T. W. ALLEN and JOHN DOE would cash or cause these checks to be cashed.

The substance of the affidavit is that the agent's "confidential informant" told him that he, the informant, had "seen" the checks in possession of "one of the defendants," that that defendant in possession of the stolen checks told the "confidential informant" that the checks would be given by Carmichael to "John Doe" and then to T. W. Allen, that the checks were stolen, and that Carmichael, Allen and "Doe" would cash, or cause the cashing of, the checks.

■ We think the affidavit is insufficient on its face to establish probable cause for Carmichael's arrest. We shall assume that the "confidential informant['s]" reliability is sufficiently established. A common sense reading of the affidavit, Spinelli v. United States, 393 U.S. 410, 415, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), justified the magistrate in treating as probable the "confidential informant['s]" report relating to those matters which he personally observed. We think that there was probable cause shown for the magistrate to conclude that "one of the defendants" possessed the checks. Spinelli at 412, 89 S.Ct. 584.

Nevertheless, there is nothing in the hearsay information given by the "confidential informant" that identifies Carmichael as the possessor. Carmichael is implicated in the check cashing scheme solely through the allegations of "that defendant" whom the "confidential informant" had seen in possession of the checks and who told the "confidential informant" what role he said Carmichael would play in cashing the stolen checks.

When the affidavit of special agent Hussey was presented to the magistrate for his consideration it was patently ambiguous. Given the information provided on the face of the affidavit it is not possible to identify the "defendant who had possession" of the checks and therefore it is not possible to establish his reliability. During the hearing on the motion to suppress the government revealed that T. W. Allen was the informant. At that point it became possible to read agent Hussey's affidavit in such a fashion that the ambiguity is somewhat dissipated. The statement can now be read to indicate that T. W. Allen told agent Hussey that he saw the checks in the possession of Robert Carmichael and that Carmichael told Allen that he would give the checks to "John Doe" who would in turn give them to Allen. Nothing in the record before this court intimates that the magistrate was presented information at the time the arrest warrant was sought that would allow him to interpret the affidavit in the manner we have described.

■ We recognize that an affidavit "need not reflect the direct observations of the affiant and may rest upon hearsay" so long as a substantial basis for crediting the hearsay is presented, Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960);

and that the affidavit must be tested by us in a "commonsense and realistic fashion," United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). We find nothing, however, in the affidavit before us which tends to show the reliability of "that defendant" who had possession of the stolen checks. The government does not argue that this unidentified "defendants['s]" statements were against his penal interest. See United States v. Harris, 403 U.S. 573, 583, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). The "confidential informant['s]" report to the agent of the hearsay implication of Carmichael is of no aid to establish reliability or credibility of "that defendant." Spinelli, supra at 413 n. 3, 89 S. Ct. 584. The "confidential informant" received his information indirectly and the affidavit does not show that he explained to the agent why "that defendant" in the alleged conspiracy was reliable. Spinelli, supra at 416, 89 S.Ct. at 589. There is nothing in the affidavit which sets forth "underlying circumstances" necessary to enable the magistrate "independently to judge" the validity of "that defendant['s]" observation of the criminal activity attributed to Carmichael. Nor was there any other source of information given in the affidavit to corroborate the statement of the second informant.

We hold, by virtue of this court's decision in United States v. Roth, 391 F.2d 507, 511 (7th Cir. 1967), that the district judge committed reversible error in denying Carmichael's motion to suppress. The arrest warrant was based on hearsay upon hearsay. Roth, supra at 511, and thus the district judge erred in admitting at trial the evidence seized incident to Carmichael's arrest under the warrant. The government does not argue that even if the arrest warrant was invalid there was nevertheless sufficient evidence to support Carmichael's conviction. The conviction must be reversed.

■ Should Carmichael be tried again under the counts in the indictment before us, it may be useful for the trier of fact to have our decision on contentions —other than that with respect to the motion to suppress—raised by Carmichael. We see no merit in his contention that reversible error was committed in the ruling which permitted the government to cross-examine Carmichael about criminal activity on February 4, 1969, where the offense in issue was alleged to have been committed February 10, 1969. In the first place, a government witness testified that he was in Carmichael's apartment on February 4 and saw Carmichael with a check subject of Count IV of the indictment, that it was taken from an envelope containing a number of other checks and that he heard discussion that the checks were stolen and efforts would be made to cash them. This testimony tended to prove Carmichael's knowledge that the checks he was accused of possessing had been stolen.

Carmichael testified that he did not know how the checks got into his car. The court permitted the government to cross-examine Carmichael concerning the February 4 incidents. This ruling was not erroneous, since the examination bore on an element of the offense charged. United States v. Wall, 225 F.2d 905, 907 (7th Cir. 1955); United States v. Turner, 423 F.2d 481, 483, 484 (7th Cir. 1970); United States v. Phillips, 375 F.2d 75, 79 (7th Cir. 1967). This court's opinion in United States v. Phillips, 401 F.2d 301, 305 (7th Cir. 1968), is not to the contrary.

■ There is no merit in the contention that the court erred in permitting the agent to testify in rebuttal in view of Carmichael's denial of knowledge of the theft of the checks. See United States v. Lambert, 463 F.2d 552 (7th Cir.) decided June 12, 1972. The contention presupposes that the cross-examination of Carmichael was "impermissible." We have decided to the contrary.

Because the court erred in denying the motion to suppress the facially insufficient affidavit and erred in permitting the introduction of the evidence at the

trial, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

FAIRCHILD, Circuit Judge, dissents.