[Cite as *Cleveland v. Lowery*, 2016-Ohio-5626.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

## JOURNAL ENTRY AND OPINION
## No. 103722

## CITY OF CLEVELAND

### PLAINTIFF-APPELLEE

vs.

## GLORIA LOWERY

### DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 14-CRB-019675

**BEFORE:** Celebrezze, J., Jones, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** September 1, 2016

**ATTORNEY FOR APPELLANT**

Myron P. Watson
614 West Superior Avenue
Ste. 1144
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law

Kimberly G. Barnett-Mills
Assistant Chief Prosecutor
BY:    Karyn J. Lynn
        Victor R. Perez
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Appellant, Gloria Lowery, appeals her conviction for aggravated menacing. She claims the trial court erred in allowing the jury to hear prejudicial hearsay statements as well as other acts evidence, and that her conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. After a thorough review of the record and evidence, this court affirms.

## I. Factual and Procedural History

**{¶2}** In 2013, after she retired from employment, appellant bought the house in which she grew up. The house, located on Wayne Avenue, in Cleveland, Ohio, was not able to be used for the purpose she initially intended, and it sat empty for the majority of 2013 and 2014. Appellant had a special emotional attachment to the home and made sure that it was well maintained. Soon after she purchased the property, she encountered litter, bikes, skateboards, and other items left on her property by neighborhood children. In a previous incident, appellant observed a young girl, R.J., on the steps of appellant's home and she asked the girl to leave. She then noted where the girl lived.

**{¶3}** On July 6, 2014, appellant arrived at the property and noticed trash and toys in the yard. The landscaper had mowed the grass that day, so she assumed the items had been left there recently. Appellant went to the house where R.J. lived with the intention of speaking with the girl's parents. When appellant arrived at the house, she spoke with R.J. and asked her to get a parent. R.J. went into the house and came back out to inform appellant that no parent was home. According to R.J., appellant then informed her that if

she trespassed on her property, appellant would take her to juvenile court and also informed her that appellant could shoot her. Appellant then moved her jacket to reveal a holstered firearm on her hip. Appellant then left.

{¶4} R.J. ran inside and told her older sister what had transpired. The sister called her parents, who arrived home a few minutes later. R.J. told her parents what happened. R.J.'s father testified that he went to confront appellant about what she had done. He stated that appellant did not deny threatening his daughter with a handgun, but stated that she had a right to carry her gun as a concealed carry permit holder. During the confrontation, R.J.'s father testified that he never felt threatened. Both parties called the police.

{¶5} Cleveland police officers arrived and investigated the various allegations. As a result, a criminal report was taken by the officers and a criminal complaint was filed on July 15, 2014, charging appellant with aggravated menacing, a violation of Cleveland Codified Ordinances ("C.C.O.") 621.06. A jury trial resulted in a finding of guilt, for which appellant was sentenced to a $1,000 fine with $800 suspended, 180 days in jail with 180 days suspended, and 2 years of active probation. The court held the sentence in abeyance pending appeal.

{¶6} Appellant filed the instant appeal assigning four errors for review:

I. The trial court erred when it allowed the hearsay statements of witnesses under Rules 801 and 803 of the Ohio Rules of Evidence.

II. The trial court erred and abused its discretion when it allowed the City to introduce other acts evidence in violation of Rule 404(B) and the City's

failure to provide reasonable notice violated the appellant's right of due process under the Fifth Amendment.

III.    The trial court erred in denying appellant's Rule 29 motion for acquittal when there was insufficient evidence presented with respect to the aggravated menacing charge.

IV.    The guilty verdict herein entered was against the manifest weight of the evidence.

## II.   Law and Analysis

### A.   Evidentiary Rulings

{¶7}    Appellant first attacks two evidentiary rulings made by the trial court. Specifically, appellant argues that the court erred when it allowed R.J.'s father to testify as to what R.J. told him happened when appellant talked to her.   Appellant also argues that the testimony of her neighbor, Latosha Lewis, should have been excluded because she testified to events that constituted "other acts" evidence for which no exception was argued or exists.

{¶8}    The trial court enjoys broad discretion in the admission of evidence. Generally, this court would not reverse a trial court's decision on the admission of evidence absent an abuse of that discretion.   *Shimola v. Cleveland*, 89 Ohio App.3d 505, 511, 625 N.E.2d 626 (8th Dist.1992).   An abuse of discretion is connoted by a decision that is arbitrary, unreasonable, or unconscionable.   *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### 1. Excited Utterance

{¶9} R.J.'s father was permitted to testify as to what R.J. told him when he arrived home and was informed of what transpired between her and appellant.

{¶10} Hearsay is defined in Evid.R. 801(C) as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

{¶11} Evid.R. 803(2) provides for an exception to this general rule for statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." The comment to this rule gives some guidance on what is an excited utterance and whether a statement qualifies:

> It is a statement or act incidental to a main fact and explanatory of it, provided it is so connected with the transaction as a whole that the utterance or act is regarded as an expression of the circumstances under which it was made rather than the narrative result of thought. To qualify as an excited utterance consideration must be given to (a) the lapse of time between the event and the declaration, (b) the mental and physical condition of the declarant, (c) the nature of the statement and (d) the influence of intervening circumstances.

{¶12} Here, R.J.'s father testified that R.J. was scared and nervous when he arrived home to talk with her, which was two or three minutes after he was telephoned by R.J.'s sister. R.J.'s father further testified that he attempted to calm his daughter down when talking to her because she was excited, scared, and nervous. Given the totality of

R.J.'s father's testimony, this court cannot say that the trial court abused its discretion in determining that statements R.J. made to her father explaining what appellant had done were excited utterances.

{¶13} The statements R.J. made to her father were after an adult had shown her a firearm and told that she could be shot if she went into another person's yard. This is a startling event for anyone, but especially traumatic for a nine-year-old child. Based on her father's testimony, R.J. was still under the stress and excitement of this event when he arrived home two or three minutes after his older daughter called him to tell him to come home immediately. R.J. spoke to her father within ten minutes of the startling event and was still under the influence of the excitement it created.

{¶14} When analyzing the admission of a statement as an excited utterance, "'[t]he controlling factor is whether the declaration was made under such circumstances as would reasonably show that it resulted from impulse rather than reason and reflection.'" *State v. Bradley*, 3d Dist. Van Wert No. 15-10-03, 2010-Ohio-5422, ¶ 37, quoting *State v. Humphries*, 79 Ohio App.3d 589, 598, 607 N.E.2d 921 (12th Dist.1992). Here, we cannot say that the trial court abused its discretion in admitting the statements R.J. made to her father soon after such a startling event. Therefore, appellant's first assignment of error is overruled.

### 2. Other Acts Evidence

{¶15} Appellant next argues that the testimony of a neighbor should not have been admitted at trial because it constituted other acts evidence precluded by the parameters set

forth in Civ.R. 404. "Evidence that an accused committed a crime other than the one for which he is on trial is not admissible when its sole purpose is to show the accused's propensity or inclination to commit crime or that he acted in conformity with bad character." (Citations omitted.) *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, ¶ 15. Exceptions to this broad prohibition are codified in R.C. 2945.59 and further outlined in Evid.R. 404.

{**¶16**} R.C. 2945.59 provides,

[i]n any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.

{**¶17**} Evid.R. 404 sets forth similar guidance for the admission or exclusion of this type of evidence:

(A) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, subject to the following exceptions:

(1) Character of accused. Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same is admissible; however, in prosecutions for rape, gross sexual

imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable.

\* \* \*

(B) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

{¶18} A trial court must also factor in any unfair prejudice that such evidence would enure to a criminal defendant at trial. Evid.R. 403(A) states, "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. *See* Evid.R. 403.

*Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, at ¶ 20.   However,

"evidence intrinsic to the crime for which the defendant is on trial   * * * is

not governed by Rule 404(B)."   *United States v. Manning* (C.A.1, 1996),

79 F.3d 212, 218, *certiorari denied* (1996), 117 S.Ct. 147, 136 L.Ed.2d 93,

519 U.S. 853.   That is, "other acts" evidence is admissible where "'they are

so blended or connected with the one on trial as that proof of one

incidentally involves the other; or explains the circumstances thereof; or

tends logically to prove any element of the crime charged.'"   *State v. Roe*

(1990), 41 Ohio St.3d 18, 23, 535 N.E.2d 1351, citing *State v. Wilkinson*

(1980), 64 Ohio St.2d 308, 317, 415 N.E.2d 261, 269, quoting *United States*

*v. Turner* (C.A. 7, 1970), 423 F.2d 481, 483-484. *See, also, State v. Smith*

(1990), 49 Ohio St.3d 137, 139-140, 551 N.E.2d 190 (evidence of other acts

is admissible if it tends to prove a specific element of the crime charged);

*State v. Lowe* (1994), 69 Ohio St.3d 527,   [531], 1994-Ohio-345, 634

N.E.2d 616 (other acts which form part of the immediate background of the

alleged act which forms the foundation of the crime charged in the

indictment and which are inextricably related to the alleged criminal act are

admissible).

(Brackets sic.)   *State v. Johnson*, 8th Dist. Cuyahoga No. 83317, 2004-Ohio-2698, ¶ 27.

{¶19} Lewis testified that around the same time appellant spoke with R.J.,

appellant knocked on her front door and confronted Lewis about her children playing in

appellant's yard. [1]   When Lewis demanded that appellant get off her porch, Lewis testified that appellant was moving her jacket around to reveal a holstered handgun and told Lewis that she would "shoot her in her ass."   Lewis did not press charges, and there were no charges related to this incident in the criminal complaint.

{¶20} Further, prior to trial, the state did not disclose its intention to call Lewis to testify about "other acts" and did not otherwise inform appellant of her testimony by providing a witness list.   Defense counsel never demanded discovery, and the city indicated this absolved them of its responsibility to file a witness list.   Appellant was, however, provided with the police report, which identified Lewis and included a statement consistent with her trial testimony.

{¶21} Appellant claims that Lewis's testimony constituted other acts evidence that required pretrial disclosure and for the state to meet one of the exceptions to the general exclusion of other acts testimony.

{¶22} However, as set forth by this court in *Johnson*, where the evidence tends to prove an element of the charged crime or forms the immediate background of the crime, it is admissible outside the parameters of Evid.R. 404(B).   *Johnson*, 8th Dist. Cuyahoga No. 83317, 2004-Ohio-2698, at ¶ 27.   Here, the evidence tends to establish that appellant possessed a firearm prior to her confrontation with R.J., and forms the background of the events for which appellant was charged.

---

[1] This conversation likely occurred just before appellant spoke with R.J., but it was not clear from the testimony.

{¶23} When ruling on appellant's objection to Lewis's testimony, the trial court stated,

> [t]he nature of her testimony as to what she would testify to is also contained in that police report. And it's my understanding that defense counsel * * * has a copy of the police report, is aware of the witness, [and] is aware of the nature of her testimony.

> It's also my understanding that this incident occurred on the same day as relates to the case at hand. So because I do not believe it's 404(B) evidence and because defense counsel did have an opportunity to interview, to speak with this witness, its not a surprise, so therefore, the testimony will be allowed over the objection of the defense.

{¶24} Assuming Lewis's testimony constituted other acts evidence, it would still be admissible.

{¶25} Under the first prong of the analysis set forth in *Williams*, Lewis's testimony is relevant and tends to show that appellant possessed a firearm when she confronted R.J. During cross-examination and later during appellant's testimony, appellant attempted to assert that she did not possess a firearm when she spoke with R.J. Lewis's testimony tends to establish that appellant did possess a firearm at that time. This also fits within one of the exceptions listed in Evid.R. 404(B) — lack of mistake. Again during cross-examination of witnesses and during appellant's testimony, she attempted to assert that she did not move her jacket in a way that exposed a holstered firearm. These two incidents that occurred only moments apart tend to establish that appellant did not harmlessly or mistakenly move her jacket to reveal a firearm. This was an intentional act

designed to threaten. It also tends to show that R.J. was not mistaken that appellant possessed a firearm. Both witnesses testified to seeing a firearm rather than a Taser or some other weapon. Therefore, Lewis's testimony was not precluded by Evid.R. 404(B).

**{¶26}** This court also cannot say that the value of Lewis's testimony was outweighed by any prejudice to appellant. Lewis's testimony was damaging to appellant, but it tended to show that appellant possessed a firearm at the time she confronted R.J. and also formed a portion of the background for the confrontation.

**{¶27}** If Lewis's testimony constituted other acts evidence, whether the evidence was admissible under Evid.R. 404(B) does not entirely resolve the issue before this court. The city was also required to disclose the potential use of this testimony prior to trial. "In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Evid.R. 404(B). "[T]he notice given to the defense regarding 'other crimes' evidence must be sufficiently clear so as 'to permit pretrial resolution of the issue of its admissibility.'" *State v. Tran*, 8th Dist. Cuyahoga No. 100057, 2014-Ohio-1829, ¶ 23, quoting *United States v. Long*, 814 F.Supp. 72, 74 (D.Kan.1993).

**{¶28}** The city did not offer any cause for its failure to disclose the potential use of other acts evidence. It instead argued that Lewis's testimony did not constitute other acts evidence and that appellant was not surprised by the testimony given that the police report included Lewis's statement made to police on July 6, 2014. The Eleventh District has

noted that "the Staff Notes to the 2012 Amendment to Evid.R. 404 state the rule on notice 'should not be construed to exclude otherwise relevant and admissible evidence solely because of a lack of notice, absent a showing of bad faith.'" *State v. Plevyak*, 11th Dist. Trumbull No. 2013-T-0051, 2014-Ohio-2889, ¶ 21.

**{¶29}** The city maintains the belief, as does this court, that Lewis's testimony is not other acts evidence because it was so intertwined with the allegations against appellant related to R.J. that it was not other acts evidence and Lewis's testimony was not required to be disclosed. At the very least, the city holds a good faith belief that it was not required to give notice. While the more prudent approach would be to err on the side of caution and provide appellant and the court with notice prior to trial, this court cannot say that the city's actions constituted bad faith.

**{¶30}** The record in this case also lacks any prejudice to appellant. Prior to Lewis taking the stand, appellant's attorney objected and the court held a lengthy sidebar where appellant's attorney argued that Lewis's testimony should not be allowed. From the argument, it is clear that appellant knew the nature of her testimony and was not surprised by it. Lewis's name and the substance of her testimony were disclosed to appellant in the police report, which was provided to appellant well before trial. While the city is required to give prior notice of its potential use of Evid.R. 404(B) evidence, its failure to do so in this case is not reversible error.

**{¶31}** Appellant's second assignment of error is overruled.

**B. Sufficiency**

**{¶32}** Appellant also argues that her conviction for aggravated menacing is unsupported by sufficient evidence.

**{¶33}** When this court reviews a criminal conviction for sufficient evidence, it examines the evidence admitted at trial and determines whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the city, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).

**{¶34}** R.J. testified that appellant showed her a holstered firearm while insinuating that appellant would or could shoot her. C.C.O. 621.06, titled Aggravated Menacing, provides, "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his or her immediate family." The threat uttered to a nine-year-old along with the display of a firearm, when viewed in a light most favorable to the state, satisfies the elements of aggravated menacing as set forth in this ordinance.

**{¶35}** Appellant argues that her stating, "if you trespass on my property, I have the right to shoot you," and then revealing a firearm should not be construed as a threat. However,

> [t]he reach of [aggravated menacing as set forth in] R.C. 2903.22(A) is not
>
> so narrow as to restrict only conduct constituting an "overt threat." *In re*

*P.T.*, 12th Dist. Clinton No. CA2013-02-006, 2013-Ohio-3881, ¶ 18, 995 N.E.2d 279. "Rather, the statute proscribes a much broader spectrum of behavior by criminalizing any conduct engaged in by a person knowing that such conduct would cause another to believe the offender will cause the other person, or the other's family, physical harm." *Id*. This "can encompass a present state of fear of bodily harm and a fear of bodily harm in the future." *State v. Scott*, 7th Dist. Mahoning No. 07 MA 152, 2009-Ohio-4961, ¶ 20, citing *State v. Ali*, 154 Ohio App.3d 493, 2003-Ohio-5150, ¶ 26, 797 N.E.2d 1019 (7th Dist.).

*State v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 10. R.C. 2903.22(A) and C.C.O. 621.06 are similarly worded.

{¶36} Appellant's actions here constitute a threat of present or future bodily harm reasonably perceived as such by a young child. Appellant's argument that the "statement alone is simply not enough to meet the minimum threshold of sufficiency" ignores significant events present in this case and mischaracterizes the extent of her conduct. The statement combined with appellant's actions during her confrontation with R.J. meet the elements of aggravated menacing under C.C.O. 621.06.

{¶37} This assigned error is overruled.

### C. Manifest Weight

**{¶38}** Finally, appellant claims that her conviction is against the manifest weight of the evidence.

> A claim that a jury verdict is against the manifest weight of the evidence involves a different test. "'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d 380, at 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

*State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 151.

**{¶39}** Appellant's arguments echo those made in her sufficiency assignment of error. She argues that it is clear that she did not intend to threaten R.J. When she arrived at R.J.'s home, she asked to speak with a parent. She asserts she attempted to resolve the situation of children playing in her yard in a reasonable manner. However, considering all the testimony, it appears appellant became frustrated and made a few potentially dangerous decisions. Appellant testified that she overheard R.J. talk to someone inside the home. Appellant stated it was a parent and that the parent told R.J. to

tell appellant that no one was home. It was after this that she threatened R.J., including revealing to R.J. that she possessed a firearm. Appellant's statements, coupled with the revelation of the firearm, indicate that the jury did not lose its way in finding appellant guilty of aggravated menacing.

{¶40} This assigned error is overruled.

### III. Conclusion

{¶41} The trial court did not abuse its discretion in making its evidentiary rulings allowing R.J.'s father to testify about what R.J. told him under the excited utterance exception to the hearsay rule, and in allowing Lewis to testify about her encounter with appellant around the same time appellant spoke with R.J. Appellant's conviction for aggravated menacing is also supported by sufficient evidence and not against the manifest weight of the evidence.

{¶42} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

LARRY A. JONES, SR., A.J., and
TIM McCORMACK, J., CONCUR