## UNITED STATES v. PECORARO et al.
### No. 49.

Circuit Court of Appeals, Second Circuit.

Nov. 4, 1940.

Louis Halle, of New York City (Philip F. Halle, of New York City, on the brief), for appellants.

Harold M. Kennedy, of Brooklyn, N. Y. (Vine H. Smith, of Brooklyn, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

There is only one point in this case: whether the evidence was sufficient to support the verdict; and as to that the answer as to each appellant depends on different facts. An illicit still was discovered in operation on the farm of one, Herth, in Bellport, Long Island, and a number of the accused were proved to have been operating it. The question is whether the appellants were shown to have been engaged with the distillers in the undertaking. The evidence against Pecoraro came from Herth, who swore that one, Franzone, had worked at the still for about sixteen days, and had told him (Herth) that he was working in "the interest of" Pecoraro. During those sixteen days Pecoraro came to the farm, and talked to Franzone, saying that "they"—apparently the distillers—"owe me money." He then went to two of these who were on the premises, and said that he was going to take alcohol in payment. He came back that night with a car and took away a load which Franzone helped put aboard, and while this was going on, Franzone gave a false alarm that the still was being raided, as Pecoraro wished it to appear at the time. Later, during the same period, Pecoraro made several more such seizures; indeed he "was carting all the alcohol that was made dur-

ing these sixteen days"; apparently he also furnished all the sugar from which it was distilled. This evidence went further than to show that Pecoraro merely sold sugar to the distillers. While Franzone's declaration, taken by itself, was not competent, his help to Pecoraro made it competent by showing their concert of action. If the declaration was competent it proved that Franzone was in fact working "in the interest of" Pecoraro, as he had told Herth. Indeed, quite aside from that, it is hard to believe that for the whole time that Franzone was there, Pecoraro should have been allowed to take away all the alcohol made at the still, if he had no other connection with the enterprise than to sell sugar to the distillers.

 Gross sold to the distillers a denatured alcohol called "anti-freeze," all sales of which the regulations required him to report, giving the names of the buyers. There was ample evidence, which we need not recite, that he was conscious of guilt in his disposal of some drums of this substance that were found at the still, and that he had sold them and not reported the sales. A jury might also have found that he knew the illicit use to which the distillers were putting the "anti-freeze" when they got it. The prosecution argues that this proved him to have been more than a mere seller of goods who knows that the buyer will put them to an unlawful use, because, by not reporting the sales, he shielded the buyers and actively assisted their project. We agree. To report the sales would have stopped the business, both the business of Gross with the distillers, and presumably any operation of the still; and to suppress the sales was therefore to assist the distillers in their distilling. It is of course true that Gross' motive was only to get his profits from the sales, but his guilt does not turn upon his motive. In order to secure the business he had to abstain from disclosing the distillers' business, that is, himself to commit a crime and expose himself to punishment. That was to take an active hand in the distillers' business, and to have a stake in their venture in a sense that an indifferent seller has none.

As to Liguori we reach an opposite conclusion. It is true that the jury might have found from the testimony of Herth and his wife that he visited the premises, but that alone was not enough. The theory of the prosecution was that he had supplied a product called "serrasol" to the operators, out of which they distilled potable alcohol, as they did out of Gross' "anti-freeze." One, Barsky, testified that in the summer of 1938, at an appropriate time, he sold some drums of "serrasol" to a person who gave the name Liguori and it was also proved that empty drums of "serrasol" were found at the still, though they were not identified as Barsky's. But Barsky positively declared that the buyer was not the defendant Liguori; and while the evidence was unquestionably suspicious, it did not justify the conclusion that Liguori had had any part in the undertaking.

Conviction of Pecoraro and Gross affirmed.

Conviction of Liguori reversed.