**UNITED STATES of America,**
**Appellee,**

v.

**Walter BLAZER, Appellant.**

**No. 96, Docket 27406.**

United States Court of Appeals
Second Circuit.

Argued Oct. 11, 1962.

Decided Oct. 25, 1962.

Daniel H. Greenberg, New York City, (Marvin Margolis, New York City, on the brief), for appellant.

Martin R. Pollner, Asst. U. S. Atty., E.D.N.Y., Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., on the brief), for appellee.

Before CLARK, MOORE, and SMITH, Circuit Judges.

PER CURIAM.

Blazer appeals his conviction for aiding and abetting the making of a false statement for the purpose of obtaining National Housing Act insurance and for conspiracy to commit the offense in violation of 18 U.S.C. § 1010. We find no error.

Blazer's claim that he had no financial interest in the transaction is irrelevant. The "stake in the venture" doctrine, see, e. g., United States v.

Pecoraro, 2 Cir., 115 F.2d 245, certiorari denied Pecoraro v. United States, 312 U.S. 685, 61 S.Ct. 611, 85 L.Ed. 1123, is clearly inapposite here; even if the doctrine were applicable, this court has held a showing of pecuniary interest unnecessary to proof of a stake in the venture. United States v. McKnight, 2 Cir., 253 F.2d 817, 819. The court's refusal to charge the jury as to the doctrine did not constitute error, nor did its refusal of the other two requested instructions. The denial of the motion for a severance was within the sound discretion of the district judge. The court sufficiently charged as to the necessity of considering the guilt of each defendant individually, and of considering post-conspiracy statements solely against the declarant, following the rule of Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L. Ed.2d 278. The prosecutor's claim in opening to the jury that he proposed to show Blazer's exculpatory statements under oath to be untrue was not a charge of an independent unrelated crime, and hence cannot serve as a proper basis for a motion for mistrial.

Affirmed.