**UNITED STATES of America,**
Appellee,

v.

**John Joseph MANNA, Appellant.**

**Nos. 45 and 46, Docket Nos. 29748, 29749.**

United States Court of Appeals
Second Circuit.

Argued Sept. 22, 1965.

Decided Nov. 29, 1965.

Theodore Rosenberg, Brooklyn, N. Y., for appellant.

Robert L. King, Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., and Charles A. Stillman, Asst. U. S. Atty., Southern District of New York, on the brief), for appellee.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge.

The appellant was tried to the court and convicted, as an aider and abettor, Title 18 U.S.C. § 2, on two counts of an indictment charging him with violating Title 21 U.S.C. § 173 and § 174 and also on two counts of another indictment charging him with violating Title 26 U.S.C. § 4705(a) and § 7237(b).

On February 20th and March 15th, 1961, Federal Narcotics Agent Frank Dolce purchased heroin from one Franky Ray. Shortly before the purchase from Ray, Dolce, accompanied by an informant, Patrick Chicella, had sought to purchase the narcotics from Manna, and it was Manna who sent Dolce to Ray with a message to Ray that he, Manna, wanted Ray to take good care of Dolce. There was evidence that Ray made the sales reluctantly and only did so because of Manna's requests. Manna had explained to Dolce that he could not make the sales on either occasion because heroin was in short supply and he was at the time awaiting a shipment. Manna also instructed Dolce to keep in close contact with him in view of the expected shipment.

Manna was not shown to have received any direct financial remuneration from either Dolce or Ray. Neither was he present at either transaction nor shown to have made personal contact with Ray in connection with either sale.

■■ The issue is whether the defendant so far associated himself with the chain of events as to have an interest in the transaction. In Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 769, 93 L.Ed. 919 (1949), the Supreme Court, quoting Judge Learned Hand in United States v. Peoni, 100 F.2d 401, 402 (2d Cir. 1938), stated:

> "In order to aid and abet another to commit a crime it is necessary that a defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his own action to make it succeed.' "

There was enough evidence here to support the conclusion that Manna was an aider and abettor. He had sufficient ability, influence and control here to bring about a sale that, without his participation, would not have been made.

■ The trial judge could properly conclude that the sales to Dolce by Ray would not have been made but for Manna's referral and his instruction to Ray to take good care of Dolce. It is not

necessary that an aider and abettor have a direct financial interest in the sales. United States v. Blazer, 309 F.2d 92, 93 (2d Cir. 1962). However, the evidence supports the conclusion that Manna tried to satisfy Dolce so that he could retain Dolce as his customer with the prospect of making future sales to him.

Since the sentences imposed on both indictments were the same and run concurrently, it is not necessary to decide whether the evidence supported the conviction for aiding and abetting the violations of 21 U.S.C. §§ 173 and 174. Lawn v. United States, 355 U.S. 339, 362, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958).

The judgment of conviction is affirmed.