UNITED STATES of America, Appellee,

v.

Benjamin PINO, Jr., Appellant.

No. 78–5097.

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 11, 1979.

Decided Nov. 1, 1979.

James B. Craven, III, Durham, N. C. (Everett, Everett, Creech & Craven, Durham, N. C., on brief), for appellant.

Michael Owens, U.S. Atty. (George M. Anderson, U. S. Atty., Herman E. Gaskins, Jr., Asst. U. S. Atty., and Jane P. Gray, Third Year Law Student, Raleigh, N. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and MURNAGHAN, Circuit Judges.

MURNAGHAN, Circuit Judge:

Benjamin Pino, Jr., appellant, and Marshall James Herring were jointly charged with unlawful distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and Title 18 U.S.C. § 2 (the aiding and abetting statute).

A government informant had arranged to purchase heroin from Herring for $600. Not able to locate Herring, the informant approached Pino about Herring's whereabouts. Pino indicated that he knew the terms of the arrangement and for the $600 would himself turn over the "package". The informant and Pino then proceeded to a trash dump where a fruitless search of approximately ten to twenty minutes ensued for a container in which the heroin was supposedly concealed. The informant's contact with Pino, therefore, did not lead to a successful completion of the transaction.

Subsequently, on the same day, the informant met with Herring, accompanied him to the trash dump and in another area than the one in which the earlier search had taken place Herring located and delivered to the informant a beer can which contained heroin. At the conclusion of the trial, the case was submitted to the jury against Pino solely on theories that he was a principal or an aider and abettor. That has opened the door to defendant to argue that only an attempt by him was made.

■ However, that argument fails to take into account that his "attempt" was part of his effort to complete the transaction between Herring and the informant. One is no less an aider and abettor because one's efforts, while diligent, are not crowned in every respect with success. The success which is controlling is the actual consummation of the distribution transaction. While Pino did not locate the beer can containing heroin, he clearly wished to keep the transaction alive and actively brought it closer to completion. His actions served to keep the prospective purchaser's interest engaged. As stated in *United States v. Licursi,* 525 F.2d 1164, 1167 (2d Cir. 1975), also a case involving transfer of a controlled substance where the defendant was not the party making the delivery:

. . . 'In order to aid and abet another to commit a crime it is necessary that a defendant "in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." ' *Nye & Nissen v. United States,* 336 U.S. 613, 619, 69 S.Ct. 766, 769, 93 L.Ed. 919 (1949), *quoting from United States v. Peoni,* 100 F.2d 401, 402 (2 Cir., 1938); *United States v. Manna,* 353 F.2d 191, 192 (2 Cir., 1965), *cert. denied,* 384 U.S. 975, 86 S.Ct. 1868, 16 L.Ed.2d 685 (1966), *rehearing denied,* 385 U.S. 893, 87 S.Ct. 25, 17 L.Ed.2d 126.

The evidence, viewed in the light most favorable to the government, clearly demonstrates that Licursi took an active part in the consummation of Caufield's crime of selling cocaine and that he sought, by his own action, the success of the venture.

While Pino did not actually succeed in locating the can of heroin, he did *wish* to do so. He did *seek* to succeed. Herring, so aided and abetted, did succeed.

■ Furthermore, the foundation of the argument that Pino was not guilty because only an attempt by him was proven is flimsy. It exists solely because the district judge's instructions were restricted to theories of (a) direct action by the principal leading to a completed delivery and (b) aiding and abetting. Under the law, the case could properly have been submitted on the theory that Pino, as a principal, was guilty of distribution even if the proof established only an attempt to transfer. 21 U.S.C. § 802(8) and (11).

■ Moreover, had the government lacked evidence with which to convict Pino of distribution under 21 U.S.C. § 841(a)(1), while it did not seek to have the district judge do so, it would have been entitled to have the matter submitted to the jury on an attempt theory. 21 U.S.C. § 846; *Unit-*

**1004**

*ed States v. Marin,* 513 F.2d 974, 976 (2d Cir. 1975).

Appellant concedes that the beer can was properly admitted as against the co-defendant Herring, but urges that it was improper that it be admitted without a clarifying instruction to the effect that it was not evidence against him. The argument fails since Pino was charged not only as a principal but also as an aider and abettor. Proof of the crime against the principal Herring was part of the government's case against Pino. *United States v. Deutsch,* 451 F.2d 98, 116 (2d Cir. 1971), *cert. denied,* 404 U.S. 1019, 92 S.Ct. 682, 30 L.Ed.2d 667 (1972).

Pino further seeks reversal on the grounds that a government rebuttal witness testified about a conversation he had with the defendant. The objection stems from the refusal by the trial judge of permission to put the defendant back on the stand in surrebuttal to testify about the conversation. However, it is clear from the record that the testimony from the government's rebuttal witness was elicited solely through cross-examination by defendant's counsel, over the government's objection, on a collateral issue. Impeachment by contradiction would not have been proper, in any case. *United States v. Lambert,* 463 F.2d 552, 557 (7th Cir. 1972). Furthermore, the district judge was well within his discretion in determining that the cross-examination represented an unwarranted journey outside the confines of the direct. Pino did not seek to make the government's rebuttal witness his own witness, so Rule 607 of the Federal Rules of Evidence, permitting a party to attack the credibility of his own witness, is not relevant. Hence there was no basis for the defendant's return to the stand.

The defendant also objects to the refusal by the district judge, at time of sentencing, to grant a recess to permit production of character witnesses. In the circumstances of the case, the district judge did not abuse his discretion in refusing to grant the recess. The district judge had the benefit of a pre-sentence report. He stated that he would assume that character witnesses would appear and testify favorably for the defendant. He went further to state that, were such testimony received, it would at most counteract in his mind any effect of defendant's prior record. He further stated that he would base his sentencing decision on the pre-sentence report.

Finding no error, we affirm.

*AFFIRMED.*