UNITED STATES of America, Appellee,

v.

Lionel SPELL and Stanley Watson, Defendants-Appellants.

Nos. 634, 635, Dockets 85–1330, 85–1339.

United States Court of Appeals, Second Circuit.

Argued Jan. 8, 1986.

Decided April 25, 1986.

Richard W. Mark, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., and Stuart E. Abrams, Asst. U.S. Atty., of counsel), for appellee.

Stephen M. Goldenberg, New York City, for defendant-appellant Spell.

Richard B. Lind, New York City, for defendant-appellant Watson.

Before FEINBERG, Chief Judge, FRIENDLY *, and PRATT, Circuit Judges.

PER CURIAM:

Lionel Spell and Stanley Watson appeal from separate judgments of conviction in the United States District Court for the Southern District of New York, Robert W. Sweet, *Judge*, for distribution of heroin within 1,000 feet of a public school in violation of 21 U.S.C. §§ 812, 841(a)(1), and 845a (1982 & Supp. II 1984). During the three-day trial, the government presented evidence of a single undercover "buy and bust" transaction.

We find no merit to Spell's claim that there was insufficient evidence to support his conviction of aiding and abetting the narcotics transaction. Detective Donawa conducted the "buy" of $20 worth of heroin and twice within the next few hours identified Spell as the person who had located and called in Watson to sell him the heroin. When Spell called, Watson came across the street and was told by Spell that Donawa wanted to purchase heroin. Watson produced the heroin immediately and closed the deal in Spell's presence. This provided sufficient evidence for the jury to conclude that Spell aided and abetted the heroin transaction, even though there was no evidence Spell had any stake in the outcome of the transaction. *United States v. Tyler,* 758 F.2d 66, 70–71 (2d Cir.1985);

see also *United States v. Manna,* 353 F.2d 191, 192–93 (2d Cir.1965), *cert. denied,* 384 U.S. 975, 86 S.Ct. 1868, 16 L.Ed.2d 685 (1966).

Watson claims it was error to admit into evidence the fact that when arrested in a nearby bar shortly after the heroin sale, he had in his possession $175 in cash, consisting of six twenties, five tens, and one five. Even were we to assume that it was error to have admitted this evidence, the error would be harmless. While the probative value of possessing $175 in cash, even by someone unemployed, is low, *see United States v. Cepeda,* 768 F.2d 1515, 1518 (2d Cir.1985) ($1,151 in cash in an apartment at West 93rd Street is not "indicative of very much" in a drug-related case), we think the prejudicial effect of possessing such cash is extremely low. Moreover, to reduce further any possible prejudicial effect of the evidence, Watson presented a plausible explanation for his possession of the cash—testimony by his landlord that shortly before the event he had cashed a tax refund check for Watson.

We, of course, have no idea whether the jury credited that testimony, nor do we think it makes any difference. Far closer to the heart of the case were detective Donawa's direct identifications of Watson as the seller made shortly after the arrest and again later that day at the precinct house. In these circumstances, evidence that Watson had on him $175 in cash was an insignificant, insubstantial factor in producing the jury's verdict; even if admitting such evidence was erroneous, it constituted harmless error. *See Kotteakos v. United States,* 328 U.S. 750, 764, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946); *United States v. Ong,* 541 F.2d 331, 338 (2d Cir.1976), *cert. denied,* 429 U.S. 1075, 97 S.Ct. 814, 50 L.Ed.2d 793 (1977); 28 U.S.C. § 2111 (1982).

In view of our conclusion, we find it unnecessary to determine whether possession of the $175 in cash was properly ad-

---

* Judge Friendly died after oral argument in this case. Because the remaining members of the panel are in agreement, they have decided these appeals. Second Circuit Rule § 0.14(b).

mitted under F.R.E. 404(b) as tending to show a common method or scheme for selling small quantities of drugs in retail street sales.

The judgments are affirmed.