897 F.2d 1168
 283 U.S.App.D.C. 146
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Shawn JOSEPH, a/k/a Lawrence Mayers, Appellant.
 No. 89-3046.
 United States Court of Appeals, District of Columbia Circuit.
 March 13, 1990.
 
 Before RUTH B. GINSBURG, STEPHEN F. WILLIAMS, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the judgment of conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after any disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Lawrence Mayers appeals his conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a). Although Mayers argues that the cocaine and the handgun were erroneously admitted as fruits of an illegal seizure and search, this court has previously determined that no seizure occurred. United States v. Ivan T. Joseph, No. 88-3140, slip op. at 5 (D.C.Cir. Dec. 29, 1989).
 
 
 5
 Regarding the legality of the search, the dispositive question is not whether Mayers was a "bailee" of the bag, but whether he and Joseph "mutual[ly] use[d]" the bag, and "generally ha[d] access or control [of it] for most purposes." United States v. Matlock, 415 U.S. 164, 171 n. 7 (1974). Here, Mayers' carrying the bag supports the conclusion that he "used" the bag and had "access or control" of it, even if he was not seen carrying the bag until after Joseph placed a phone call, as Mayers contends. This court has previously upheld the district court's conclusion that Joseph consented to the search, Joseph, slip op. at 5; such consent validated the search as to Mayers regardless of whether Mayers validly consented. See Matlock, 415 U.S. at 171; United States v. Hendrix, 595 F.2d 883, 885 (D.C.Cir.1979). This consent was not revoked by Joseph's subsequent words or actions. Joseph, slip op. at 5.
 
 
 6
 Mayers further argues that the district court erroneously admitted into evidence $136 found on Joseph following his and Mayers' arrest. Because Mayers did not make this argument below, we cannot reverse unless there was "plain error," United States v. Baker, 693 F.2d 183, 187 (D.C.Cir.1987), i.e., "so fundamental a violation of the defendant's rights that [it] require[s] reversal." United States v. Blackwell, 694 F.2d 1325, 1340-41 (D.C.Cir.1982). No such error occurred here. See United States v. Spell, 789 F.2d 143, 144 (2d Cir.1986).
 
 
 7
 Finally, this court has previously rejected Mayers' argument that the district court erred in excluding a clergyman from the jury. Joseph, slip. op. at 9-10.