953 F.2d 640
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph DAIS, a/k/a Joe Dias, a/k/a Joe Davis, Defendant-Appellant.
 No. 91-5820.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 27, 1991.
Decided Jan. 31, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Norwood Carlton Tilley, Jr., District Judge. (CR-90-215-D)
 David B. Freedman, White and Crumpler, Winston-Salem, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Oscar Joseph Dais appeals his conviction for violation of 18 U.S.C. § 2 (1988) and 18 U.S.C.A. §§ 1029(a)(2) and (c)(1) (West Supp.1991). Because there was sufficient evidence to support the jury's verdict, we affirm.
 
 
 2
 In 1989, Akim Western introduced Defendant to Sterline Anderson. Anderson had worked as a trainee in reservations for Trans World Airlines and as a cashier at various department stores. While she was so employed, she began to use credit card numbers obtained from unknowing customers and used the numbers to order merchandise, including airline tickets, hotel reservations, and clothing. She later developed a system with Western whereby both would contribute credit card numbers and she would use them to purchase tickets for Western, Anderson, and others, for a cash price below the market value. When Western and Anderson had a falling out, he introduced her to Defendant, with whom she subsequently dealt directly. On several occasions, Defendant supplied Anderson with credit card numbers and names of the persons to whom the cards had been issued. Anderson, in turn, supplied airline tickets to Defendant. Defendant disputes that he was aware of the illegal manner in which his tickets were being obtained and supplied.
 
 
 3
 Secret Service Agents were informed of this scheme and arrested Anderson immediately after she purchased four tickets for Defendant in accordance with the scheme. At the direction of the agents, she placed a call to Defendant notifying him that the tickets he had requested had been purchased and asked for his address. Secret Service agents, disguised as Federal Express carriers, attempted to deliver the tickets to the address that had been given to Anderson by Defendant. Dais was not home. At another time, the agents were in the apartment with Defendant's roommate, Joe Chasse. According to one of the agents, while they were there, there was a telephone call by Dais, which Chasse answered. Dais allegedly asked if the police were "in his face." When Chasse answered in the affirmative, Defendant asked why. One of the agents then took the receiver and identified himself to the caller, who hung up. Dais later contacted the agents.
 
 
 4
 Dais was arrested and convicted for aiding and abetting the fraudulent use of an unauthorized access device, an American Express credit card, in violation of 18 U.S.C. §§ 2, 1029(a)(2) and (c)(1).
 
 
 5
 To establish a violation of 18 U.S.C. § 1029(a)(2), the Government must prove (1) that Defendant knowingly, and with intent to defraud, used an access device without authorization; (2) that things of value aggregating $1000 or more were obtained with the device within a one-year period; and (3) that the offense affected interstate commerce. United States v. Ryan, 894 F.2d 355 (10th Cir.1990). To establish that Defendant aided and abetted the Government must prove that he "willfully" caused the criminal act. 18 U.S.C. § 2; see Flowers v. Tandy Corp., 773 F.2d 585 (4th Cir.1985) (knowing association required to prove defendant was aider and abettor). Dais argues the Government failed to prove the first two elements of the criminal offense.
 
 
 6
 Defendant's knowledge that the tickets were illegally obtained is sufficiently supported by the record. To prove knowledge, the Government relied exclusively on Anderson's testimony that Defendant was aware of and acquiesced in the scheme. Dais argues that Anderson's testimony is incredible and points to the testimony of other witnesses who testified that Anderson was introduced to Dais as a travel agent and that he had every reason to believe her business dealings were legal. We have previously held that the uncorroborated testimony of an accomplice may sustain a conviction. United States v. Manbeck, 744 F.2d 360, 392 (4th Cir.1984), cert. denied, 469 U.S. 1217 (1985). In light of Manbeck, and considering the evidence as a whole, a reasonable factfinder may well have found that Dais knew of and acquiesced in the scheme to defraud.
 
 
 7
 Dais also argues that he did not receive anything of value, since the tickets were never actually delivered to him. However, to be guilty of aiding and abetting, knowing association and participation in a criminal venture is sufficient. The Defendant need not have a stake in the outcome. See United States v. Pino, 608 F.2d 1001 (4th Cir.1979) (defendant may be found guilty even if criminal act ultimately fails); Wyatt v. United States, 388 F.2d 395 (10th Cir.1968).
 
 
 8
 Viewing the evidence in the light most favorable to the Government, Glasser v. United States, 315 U.S. 60 (1942), we conclude that there was sufficient evidence to support Dais's conviction. Similarly, there was no abuse of discretion in the trial judge's denial of Defendant's motion for a new trial. See United States v. Arrington, 757 F.2d 1484, 1486 (4th Cir.1985) (trial court should grant new trial only where evidence weighs heavily against verdict).
 
 
 9
 Dais's argument that the jury instruction regarding guilty knowledge was improper since there was no evidence to support it is also without merit. Dais acknowledges that the court's instruction was a proper statement of the rule regarding knowledge and intent for the crimes charged but argues that since there was no evidence supporting such knowledge, the instruction had a prejudicial effect on the jury.
 
 
 10
 Trial court judges are given wide discretion in charging the jury and giving instructions. See United States v. Park, 421 U.S. 658 (1975). Instructions setting forth the elements of an offense are "mandatory and indispensable." United States v. Head, 641 F.2d 174, 180 (4th Cir.1981), cert. denied, 462 U.S. 1132 (1983). Whether an instruction misstated an element of an offense is reviewed de novo. See United States v. Sanchez-Robles, 927 F.2d 1070, 1073 (9th Cir.1991).
 
 
 11
 In this case, knowledge was an element of the offense. It would therefore have been error for the judge not to have given such an instruction. The instruction that knowledge may be established by inferences that Defendant closed his eyes to factors that would have tipped him off about the illegal nature of his purchases was also not error. See id. at 1073 (knowledge may be inferred from willful blindness based on circumstance creating a high probability of criminal activity that defendant then ignored); United States v. Jewell, 532 F.2d 697 (9th Cir.) (en banc), cert. denied, 426 U.S. 951 (1976). The Government presented evidence which would justify such a jury instruction, including the fact that all of the airline tickets were the same price regardless of the destination, and Defendant had previously traveled to some of the destinations with tickets purchased at over twice the price. Defendant testified that he was a businessman with a bachelor's degree in business and a pending master's degree. Finally, when Defendant called Chasse, Chasse was told not to accept the tickets. The instructions reasonably related to these facts presented and therefore were proper. See United States v. Salliey, 360 F.2d 699 (4th Cir.1966).
 
 
 12
 For the reasons expressed, the conviction is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.