37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James F. GRAVES, Jr., Defendant-Appellant.
 No. 93-5116.
 United States Court of Appeals, Fourth Circuit.
 Submitted August 16, 1993.
Decided October 7, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CR-92-143-N)
 William P. Robinson, Jr., Robinson, Madison, Fulton & Anderson, Norfolk, VA, for Appellant.
 Kenneth E. Melson, U.S. Atty., Vincent L. Gambale, Asst. U.S. Atty., Alexandria, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James Fletcher Graves, Jr., appeals his conviction on one count of a two count indictment for aiding and abetting the distribution of cocaine in violation of 21 U.S.C.A. Sec. 841(a)(1) (West 1981) and 18 U.S.C.A. Sec. 2 (West 1969). Graves challenges (1) the admissibility of evidence under Fed.R.Evid. 404(b) and (2) the sufficiency of the evidence to convict. We affirm the district court.
 
 
 2
 Pursuant to a tip from an informant that employees of the United States Postal Service at the Naval Station Post Office in Norfolk, Virginia were selling cocaine on the job, the government began an investigation using a confidential informant (Keels). The investigation focused on Graves and Raymond Kirby Gray, window clerks at that location.[1] In November 1991, Keels arranged with Gray to buy cocaine and pick it up on November 20 at the Naval Station Post Office service window. Graves and Gray were at their window posts on her arrival. Graves passed the package to Keels and there was conversation among the three of them. Graves cautioned Keels to be careful when discussing their dealings at the postal facility or on pay phones. He advised her to "talk in circles." In the same conversation, Graves gave Keels his beeper number.
 
 
 3
 The next day, on November 21, Graves drove Gray to the Ocean View area of Norfolk. Gray went in an apartment and returned with a package. Gray testified that he told Graves that this would be the last time he would get drugs for Keels because he was beginning to be suspicious of her. On November 22, Keels approached Graves at the post office, and Graves passed her a sealed package containing cocaine. Ten days later, on December 2, Graves phoned Keels. She thanked him for her package; he reminded her of the "rule of thumb," which she took to mean that they must keep their conversation general without specific reference to drugs. She asked him if he sold any "products," because she was looking for a reliable source. After an initial denial, Graves said that he could see to it that "the order is made and fulfilled to a degree," and that she would know from the first if he could not "make the order." He then instructed her to beep him after work to get in touch with him.
 
 
 4
 The jury acquitted Graves of the offense of November 20, and convicted him of that of November 22. He was sentenced to a ten-month term of imprisonment followed by three years of supervised release.
 
 I.
 
 5
 Over Graves' objection, the jury was permitted to listen to the tape of the December 2 conversation.[2] Graves contends on appeal that admission of this tape constitutes reversible error under Fed.R.Evid. 404(b).[3] We review a trial court's decision to admit evidence under Rule 404(b) under an abuse of discretion standard. United States v. Mark, 943 F.2d 444, 447 (4th Cir.1991).
 
 
 6
 In United States v. Rawle, 845 F.2d 1244 (4th Cir.1988), we established a four-part test for Rule 404(b) evidence. The evidence must be (1) relevant to an issue other than character, (2) necessary to prove an element of the crime on trial, (3) reliable, and (4) not substantially outweighed by the danger of unfair prejudice, as judged under Fed.R.Evid. 403. Graves argues that the recording was inadmissible under the fourth factor. He asserts that the tape was unduly prejudicial in that, "[i]n this current state of mania of drug related crimes, any reference to drugs brings down the wrath of the moral majority." We disagree. The evidence was clearly relevant to the issues being tried, and tends to show Graves' knowledge that illegal drugs were involved. The tapes were plainly reliable. Finally, we note that the prejudice, if any, was minimal in light of the other, admissible evidence relating to drugs. Therefore, we conclude that the district court's admission of the taped conversation of December 2, 1991, was not an abuse of discretion.
 
 II.
 
 7
 We review a sufficiency of the evidence claim under the standard of Glasser v. United States, 315 U.S. 60, 80 (1942): "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it." Graves was convicted of aiding and abetting the distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. To prove aiding and abetting, the government must prove beyond a reasonable doubt that Graves associated himself with the crime, intended to bring it about, and sought by his actions to make it succeed. United States v. Pino, 608 F.2d 1001, 1003 (4th Cir.1979). To prove aiding and abetting the crime of possession of drugs with intent to distribute, the government must connect Graves with both aspects of the crime: possession and intent to distribute. United States v. Kelly, 888 F.2d 732, 742 (11th Cir.1989).
 
 
 8
 The evidence presented, viewed in the light most favorable to the government, shows that Graves drove Gray to pick up the drugs, helped Gray prepare the package for Keels, and passed it to her. He provided a beeper number for Keels to contact him regarding drug transactions. Graves' reliance on the case of United States v. Giunta, 925 F.2d 758 (4th Cir.1991), is misplaced. Our concern in Giunta was the sufficiency of the evidence to prove conspiracy where there was no direct evidence of an agreement between the alleged offenders other than tapes of vague conversations. No drug transaction was ever made as a result of the alleged conspiracy. Here, conspiracy is not charged. Direct evidence of Graves' participation in the completed drug transaction is provided in testimony from the principal in the offenses and by the informant. Therefore, we find the evidence sufficient to support the conviction.
 
 
 9
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Gray pled guilty to cocaine distribution charges and testified against Graves
 
 
 [2]
 The jury also heard tapes and reviewed transcripts of conversations on other dates, which are not at issue here
 
 
 [3]
 Rule 404(b), Fed.R.Evid., provides, in part, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...."