**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS VELASQUEZ-TELLO,

Defendant-Appellant.

No. 96-1302
(D.C. No. 95-CR-427-WD)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Carlos Velasquez-Tello was convicted by a jury of multiple federal drug and firearm offenses. On appeal, Mr. Velasquez claims (1) the district court erred in denying his motion in limine to exclude $500 in currency; (2) the evidence was insufficient to support his firearm convictions; and (3) the district court erred in including 500 grams of cocaine as relevant conduct used to compute his sentence. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

Denver police arranged a drug purchase between an informant and Mr. Manuel Rodriguez. Mr. Rodriguez agreed to sell ten ounces of cocaine to the informant. On October 31, 1995, Mr. Rodriguez arrived at a designated parking lot in a blue Toyota driven by Mr. Velasquez, and accompanied by Mr. Ruben Hernandez. Mr. Rodriguez and Mr. Hernandez exited the blue Toyota and entered the informant's car. After the informant confirmed they had the cocaine, Mr. Rodriguez and Mr. Hernandez were arrested. Mr. Velasquez then left the parking lot at a high rate of speed. The police pursued, stopped his car, and arrested him.

After Mr. Velasquez' arrest, Officer James Wiley observed a shotgun resting on the floor behind the passenger seat in Mr. Velasquez' car. Officer

Wiley testified that when he sat in the driver's seat, the loaded weapon was accessible.

During a search of Mr. Velasquez and his car, officers discovered several documents listing Mr. Velasquez' address as Apartment 308, 850 South Federal in Denver. Based on this information, the officers went to the apartment where they met Mr. Velasquez' fourteen-year-old girlfriend, Ms. Diana Cortez. After getting Ms. Cortez' consent to search the apartment, the officers found in the bedroom approximately 500 grams of cocaine, a mixing bowl with cocaine residue, and $500 in currency, located in Ms. Cortez' purse.

Mr. Velasquez and Mr. Hernandez were charged in a five-count indictment with (1) conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1); (2) possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a), and aiding and abetting the possession of cocaine with intent to distribute in violation of 18 U.S.C. § 2; (3) using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c); (4) illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5); and (5) possession of an unregistered firearm in violation of

26 U.S.C. § 5861(d). Mr. Hernandez pleaded guilty and testified for the government at trial.

Mr. Hernandez testified that on the day of the drug purchase, he and Mr. Velasquez went to Apartment 308 to obtain ten ounces of cocaine for the sale. Mr. Hernandez testified Mr. Velasquez retrieved the cocaine and a bowl from the bedroom to weigh the cocaine.

According to Mr. Hernandez, he and Mr. Velasquez then drove to Mr. Rodriguez' house where, once inside, Mr. Rodriguez asked permission to bring a sawed-off shotgun. Mr. Hernandez testified he and Mr. Velasquez agreed Mr. Rodriguez could bring it. According to Mr. Hernandez, Mr. Rodriguez carried the weapon into Mr. Velasquez' car underneath his jacket and placed the gun on the top of the back seat on the driver's side. Mr. Velasquez then drove to the parking lot to conduct the drug sale.

Mr. Velasquez filed a motion in limine to exclude the $500 currency found in Ms. Cortez' purse. After hearing arguments on the motion, the court reserved its ruling until the government sought to introduce the evidence at trial. At that time, the court overruled Mr. Velasquez' objection and admitted the currency.

The jury found Mr. Velasquez guilty on all five counts. He was sentenced to 123 months imprisonment.

On appeal, Mr. Velasquez claims the district court erroneously admitted the $500 in currency found in Ms. Cortez' purse. He argues the "evidence [is] irrelevant under Fed. R. Evid. 402 and inadmissible under Fed. R. Evid. 403." The determination of the relevancy of evidence and whether the evidence's probative value is substantially outweighed by its prejudicial effect under Rule 403 are matters within the trial court's discretion. *Beacham v. Lee-Norse*, 714 F.2d 1010, 1014 (10th Cir. 1983). We will not disturb the trial court's findings absent a showing of a clear abuse of discretion. *Id.*

Pursuant to Federal Rule of Evidence 402, only relevant evidence is admissible. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Moreover, under Rule 403, even "relevant[] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

The government proffered the money as evidence of Mr. Velasquez' drug dealing. Mr. Velasquez claims the evidence is irrelevant because the link between the money and his alleged drug activities was too attenuated to conclude the money made his involvement in the sale of drugs more or less probable. Mr. Velasquez asserts the $500 found in his girlfriend's purse located in an apartment and in which he claimed no possessory interest, is unconnected to the drug sale on October 31, 1995.

Although we agree with Mr. Velasquez as to its relevance,[1] we find the admittance of the $500 harmless error. "'A non-constitutional error is harmless unless it had a "substantial influence" on the outcome or leaves one in "grave doubt" as to whether it had such effect.'" *United States v. Birch*, 39 F.3d 1089, 1094 (10th Cir. 1994) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)). We review the entire record *de novo* in determining whether a trial court's error was harmless. *See id.* The evidence in the record against Mr. Velasquez, apart from the $500, is sufficient for the jury to have found him guilty of conspiring to possess cocaine with intent to distribute. Mr. Velasquez was

---

[1] Typically, a defendant's possession of a small quantity of cash is not "indicative of very much" in a drug-related case. *United States v. Cepeda*, 768 F.2d 1515, 1518 (2d Cir. 1985); *see also United States v. Spell*, 789 F.2d 143, 144 (2d Cir. 1986). This is especially true in Mr. Velasquez' case since the money was found on a third party.

present at the October 31, 1995 drug sale. Mr. Hernandez testified that prior to the drug sale on October 31, 1995, Mr. Velasquez took him to Apartment 308 where Mr. Velasquez retrieved cocaine from the bedroom and weighed out ten ounces for the sale. After obtaining the address of Apartment 308 from documents listing Mr. Velasquez' address, officers seized 500 grams of cocaine from the bedroom at the apartment. Because this evidence is sufficient to sustain the verdict, we find the district court's admittance of the $500 harmless.

Mr. Velasquez also contends the evidence in the record is insufficient to support his firearm convictions. In making this argument, Mr. Velasquez faces a high hurdle because in reviewing the sufficiency of the evidence to support a jury verdict, we review the record *de novo* in the light most favorable to the government and ask only whether, taking all direct and circumstantial evidence, together with reasonable inferences drawn therefrom, a reasonable jury could find the defendant guilty beyond a reasonable doubt. *United States v. Voss*, 82 F.3d 1521, 1524-25 (10th Cir.), *cert. denied*, 117 S. Ct. 226 (1996).

Mr. Velasquez was convicted of three firearm offenses relating to the shotgun found in his car. All three offenses require Mr. Velasquez to have had knowledge of the shotgun's presence. Mr. Velasquez contends the evidence in the

record is insufficient to show he had the requisite knowledge. Under the vehicular carrying prong of 18 U.S.C. § 924(c), Mr. Velasquez must have "knowingly" carried the weapon or known of its presence in his car. *United States v. Dirden*, 38 F.3d 1131, 1142 n.15 (10th Cir. 1994). Similarly, for his two remaining firearms convictions, 18 U.S.C. § 922(g)(5) (illegal alien in possession of a firearm) and 26 U.S.C. § 5861(d) (possession of an unregistered firearm), the government was required to prove Mr. Velasquez "knowingly" possessed the shotgun. *See United States v. Mills*, 29 F.3d 545, 549 (10th Cir. 1994) (stating possession must be "knowingly" to support a conviction under 18 U.S.C. § 922(g)); *United States v. Mittleider*, 835 F.2d 769, 774 (10th Cir. 1987) (ruling the government must prove a defendant knowingly possessed an unregistered firearm under 26 U.S.C. § 5861(d)), *cert. denied*, 485 U.S. 980 (1988).

Mr. Hernandez testified that Mr. Rodriguez asked Mr. Velasquez' permission to bring the shotgun, and Mr. Velasquez responded yes. Mr. Hernandez also stated when he and Mr. Rodriguez rode in Mr. Velasquez' car, Mr. Rodriguez sat in the front passenger seat and placed the shotgun in the back seat. In addition, according to Officer Wiley, the shotgun was in plain view in Mr. Velasquez' car at his arrest. Officer Wiley further testified the shotgun was accessible to him as he sat in the driver's seat of the car. Although Mr. Velasquez

-8-

claims Mr. Hernandez' testimony is incredible, we are not in a position to weigh conflicting evidence or pass on the credibility of witnesses. *United States v. Winchell*, 129 F.3d 1093, 1097 (10th Cir. 1997). Reviewing the evidence in the light most favorable to the government, we find sufficient evidence on the record for the jury to have found Mr. Velasquez "knowingly" possessed the shotgun.

Finally, Mr. Velasquez claims the 500 grams of cocaine found in Apartment 308 should not have been included as relevant conduct used to compute his base offense level for sentencing. Mr. Velasquez failed to raise this issue at his sentencing hearing. Where an objection is not raised at the sentencing hearing, we review challenges to the sentence imposed only for plain error. *United States v. Farnsworth*, 92 F.3d 1001, 1007 (10th Cir.), *cert. denied*, 117 S. Ct. 596 (1996). When the record supports the district court's findings concerning relevant conduct, plain error does not exist. *United States v. Richards*, 27 F.3d 465, 468-469 (10th Cir. 1994).

United States Sentencing Guidelines § 1B1.3(a)(1)(B) defines "relevant conduct" for the purpose of sentencing "jointly undertaken criminal activity" to be "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." In drug cases, a person is accountable not

only for the quantity of drugs with which he was directly involved, but also for any quantity reasonably foreseeable within the scope of his criminal activity. U.S.S.G. § 1B1.3, comment. (n.2). The government must prove the drug quantity at sentencing by a preponderance of the evidence. *United States v. Segien*, 114 F.3d 1014, 1021 (10th Cir. 1997), *petition for cert. filed*, (U.S. Aug. 26, 1997) (No. 97-6568). The record supports the district court's computation of Mr. Velasquez' base offense level using the 500 grams of cocaine. Mr. Hernandez testified that before the drug deal, he and Mr. Velasquez went to Apartment 308 where Mr. Velasquez retrieved cocaine and a bowl from the bedroom to weigh out ten ounces. When Mr. Velasquez was arrested, the officers found documents listing Apartment 308 as Mr. Velasquez' address. In addition, while searching Apartment 308, the officers found 500 grams of cocaine along with a bowl containing cocaine residue. In view of this evidence, we do not find the district court's computation of Mr. Velasquez' sentence plain error.

Accordingly, we **AFFIRM** Mr. Velasquez' convictions and sentence.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge