12-1330, 1391
United States v. Palma-Rodriguez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand thirteen.

Present:
        ROBERT A. KATZMANN,
                *Chief Judge*,
        DENNIS JACOBS,
        ROSEMARY S. POOLER,
                *Circuit Judges*.

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

        *Appellee*,

                v.                                                    No. 12-1330, -1391-cr

EDISON IVAN MOREIRA-QUIJIJE, aka CAPTAIN JUNIOR,
aka CAPTAIN, DANIEL PALMA-RODRIGUEZ

        *Defendants-Appellants*.*

───────────────────────────────────────────────

For Appellee:                          Susan Corkery and Douglas M. Pravda, Assistant
                                       United States Attorneys, *for* Loretta E. Lynch, United
                                       States Attorney for the Eastern District of New York,
                                       Brooklyn, NY.

_____

        * The Clerk of Court is directed to amend the caption.

For Defendant-Appellant
Palma-Rodriguez:                              Randall D. Unger, Bayside, NY.


        Appeal from the United States District Court for the Eastern District of New York (Amon, *C.J.*).

        **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

        Defendant-Appellant Daniel Palma-Rodriguez appeals from a judgment of conviction filed on March 30, 2012 by the United States District Court of the Eastern District of New York (Amon, *C.J.*).  Palma-Rodriguez and his co-defendant Edison Moreira-Quijije were convicted of conspiracy to import heroin, conspiracy to distribute and possess with intent to distrbute heroin, and attempted possession with intent to distribute heroin.[2]  He contends that the district court improperly admitted evidence found in the defendants' apartment, such as a scale, box of latex gloves, Ziploc bags, and three kilograms of a chemical used as a narcotic cutting agent, because (1) the officers did not receive valid consent to search the apartment and (2) the evidence was inadmissible under Federal Rule of Evidence 404(b).  The defendant also argues that the district court should have granted his motion for a new trial because the government's key witness was unreliable and lacked credibility.  We assume the parties' familiarity with the facts and the procedural history of the case.  For the reasons discussed below, we reject Palma-Rodriguez's arguments and affirm the district court.

----

    [2]  We resolve Edison Moreira-Quijije's appeal simultaneously with this Order by granting the government's motion for summary affirmance, which had been submitted in response to an *Anders* brief filed by Moreira-Quijije's counsel, and granting the counsel's *Anders* motion as well.  *See Anders v. California*, 386 U.S. 738 (1967).

Whether an individual has given voluntary consent to a search by the police is a question of fact, and we therefore review a district court's determination on that issue for clear error. *United States v. Moreno*, 701 F.3d 64, 72 (2d Cir. 2012). The district court did not clearly err in finding that Angela Quijije-Zambrano, Mr. Moreira-Quijije's mother, gave valid consent for the search. Ms. Quijije-Zambrano, who rented the apartment, had the authority to consent and confirmed her consent both orally and in writing. The officers spoke to her in Spanish, and she appeared to understand their questions. There was no evidence that she was subjected to any "duress or coercion, express or implied," *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973), and she was not under arrest at the time. Although the officers did not explain that she had the right to refuse consent, there is no requirement that the individual giving consent must know that she has such a right. *See Moreno*, 701 F.3d at 77. We also reject as pure speculation the defendant's argument that Quijije-Zambrano might have thought that withholding her consent would have been futile.

Palma-Rodriguez alternatively contends that some of the evidence obtained from the search should have been excluded under Federal Rule of Evidence 404(b). Even if he were correct, however, any error was harmless. *See United States v. Spell*, 789 F.2d 143, 144 (2d Cir. 1986) (per curiam). A co-conspirator, Lenin Diaz, testified that Palma-Rodriguez was involved in the drug conspiracy and was present when the perpetrators were waiting for a drug courier to arrive at LaGuardia Airport. The government also introduced a recorded phone call in which the defendants' alleged drug supplier told the courier to call "Daniel" (*i.e.*, Palma-Rodriguez's first name) to tell him where to meet the courier. Govt's App'x at 69. Moreover, the car used by the defendants on the day of the crime was registered to Palma-Rodriguez's daughter. Given the

3

strength of this evidence, the jury would have convicted Palma-Rodriguez even without the evidence that the defendant argues should have been excluded under Rule 404(b).

In a final effort to overturn his conviction, Palma-Rodriguez contends that the district court should have granted him a new trial because Diaz's testimony was unreliable and conflicted with other record evidence. However, Diaz's testimony was highly consistent with the other evidence and was corroborated by phone records and recorded telephone calls. For example, contrary to Palma-Rodriguez's claim, there is no conflict between Diaz's story and the parking records at LaGuardia. Diaz testified that the defendants were waiting for the drug courier outside the terminal, rather than in the parking lot, so the absence of parking records placing Palma-Rodriguez's car in the airport lot does not undermine Diaz's testimony. Although the defendant argues that Diaz did not mention that Palma-Rodriguez was involved in the conspiracy when he first spoke with the police, this would not be a sufficient reason to doubt the veracity of his testimony at trial. Given that courts should only upset a jury verdict under "exceptional circumstances," the district court here did not abuse its discretion by denying Palma-Rodriguez's motion for a new trial. *See United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009).

We have considered Palma-Rodriguez's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4